## PARDY v. MONTGOMERY et al.

### No. 11,204; May 25, 1888.

#### 18 Pac. 330.

**Dismissal of Action for Want of Prosecution.**—A case was tried before the court, who announced that his opinion was for defendants, but notice of decision was not given, or finding of facts filed or waived. After some delay, plaintiff applied to the clerk to enter judgment, that he might appeal, and, being refused, moved for a new trial, which motion was dismissed, whereupon he moved to place the case on the calendar for trial, pending which defendants moved to dismiss the case for want of prosecution. Held, not a proper case for dismissal.

APPEAL from Superior Court, City and County of San Francisco; John F. Finn, Judge.

Action by George Pardy against Charles Montgomery, George S. Montgomery, John F. Geary and Isaac Barker. On motion of defendants the action was dismissed for want of prosecution, and plaintiff appealed.

W. T. Baggett and Sam. T. Birdsall for appellant; W. S. Goodfellow for respondents.

FOOTE, C.—This is an appeal from a judgment dismissing a cause for the want of prosecution. From the affidavits in the transcript, which are mutually agreed, by the joint certificate of counsel on both sides, to have been those used on the hearing of the notice, it is apparent that the cause was tried before Judge Allen, but that no findings were ever waived or filed; that after some delay the plaintiff, against whom the judge announced that he should give judgment, endeavored to have the judgment entered, that an appeal might be taken; that the clerk of the court very properly refused to do so; that afterward, upon the substitution of an attorney for the defendant, a motion for a new trial which had been made was dismissed, which was followed by a motion to reinstate the case upon the calendar for trial, to which the defendant responded by a counter-motion to dismiss for the want of prosecution—no notice of decision ever having been

given. This last motion was granted. As it seems to us, the failure of the defendants to file findings or have them waived, or to give any notice of decision, does not place them in a position to have dismissed, for the want of prosecution, a case which the plaintiff is clamorous to try. The fact that defendants, by neglect to take care of their rights, have occasioned the loss of important testimony, is not chargeable to the plaintiff, and there is nothing to show that the plaintiff .or his several attorneys have purposely misled the defendants or their attorneys to their prejudice. There is nothing in the record which shows any merit in the defendant's contention that the action was properly dismissed for the want of prosecution, and we advise that the judgment be reversed.

We concur: Belcher, C. C.; Hayne, C.

Per CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed.